UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

----------------------------------------------------------X

PAUL WHITE,

    Plaintiff,

v().  Civil Action No. _____

GRANITE TELECOMMUNICATIONS, LLC,

    Defendant.

----------------------------------------------------------X

## **COMPLAINT**

**(Demand for Jury Trial)**

**INTRODUCTORY STATEMENT**

    This is an action for recovery under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA" or the "Act").

    Plaintiff Paul White ("Mr. White") was formerly employed by Defendant Granite Telecommunications LLC ("Granite") as a Regional Account Manager conducting inside sales of communication services.

    In 2017, Mr. White suffered serious injuries in an automobile accident. These injuries required that he apply for employment leave under the FMLA, and he was granted such leave. Immediately thereafter, Mr. White was discriminated and retaliated against, and Granite officials interfered with this receipt of FMLA leave. Mr. White's employment was eventually terminated by Granite while he was on FMLA leave, allegedly based on the false reason that his leave had expired.

## THE PARTIES

1. Plaintiff, Mr. White, is a resident of Georgia and was previously employed by Defendant Granite at its office located in Atlanta, Georgia.

2. Defendant Granite is a foreign limited liability company organized under the laws of the State of Delaware, with its principal office located at 100 Newport Avenue North Quincy, Massachusetts. According to its website, Granite "is a leading communications services provider to businesses."

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims brought by Mr. White under the FMLA pursuant to 28 U.S.C. § 1331. Furthermore, this Court has jurisdiction over this matter pursuant to the employment agreement between Mr. White and Granite establishing that any disputes between the parties "shall be resolved in the applicable state or federal courts located in the Commonwealth of Massachusetts and under the laws of the Commonwealth of Massachusetts."

4. Venue is proper in this Court because Granite's usual place of business and principal office is located within the District of Massachusetts, and is further proper pursuant to the employment agreement referenced above.

## THE FACTS

5. Mr. White was hired as a Regional Account Manager in Granite's Atlanta office in October of 2014. Mr. White's employment responsibility in this position was to conduct inside sales for Granite.

6. Mr. White had previously worked for most of his career in the telecommunications industry, and had experienced considerable success.

7. Mr. White's success in the telecommunications field continued once he began working for Granite.  Mr. White effectively managed Granite accounts to which he was assigned, and expanded Granite's business by bringing in new accounts.

8. In or about the end of March 2017, Mr. White was involved in a vehicle accident, and as a result suffered extensive injuries, including but not limited to, his neck and spine.

9. As a result of these injuries, Mr. White applied for and was granted employment leave under the FMLA.  That leave commenced on or about April 4, 2017.

10. As Mr. White's medical condition did not improve sufficiently, he was forced to file additional requests for leave under the FMLA through Metropolitan Life Insurance Company ("MetLife") – the company contracted by Granite to administer FMLA and disability leave requests.  Mr. White complied with all requests for information from the administrator, and was granted an extension of employment leave to at least May 22, 2017.

11. However, while the plaintiff was on FMLA leave, his direct supervisor, Daniel Pratt, repeatedly contacted and harassed Mr. White, in violation of law. As an example, Mr. Pratt demanded to know when Mr. White was returning to work at Granite, and informed Mr. White that Shane Hoff – Regional Vice President and the plaintiff's 2nd level superior at the Granite office in Atlanta—was "disappointed," and did not approve of Mr. White's FMLA leave.

12. Furthermore, Mr. Pratt constantly demanded details of Mr. White's medical condition, in violation of law, even though the plaintiff had provided all necessary and requested information to MetLife and, on information and belief, such information was already available to Granite officials.

13. Mr. White pointed out to Mr. Pratt that his conduct violated the FMLA, and asked that he cease his unlawful actions.

14. Mr. Pratt ignored Mr. White's request.

15. Mr. White even asked a colleague at Granite, Damon Mason, to discuss this matter with Mr. Pratt. Mr. Mason did inform Mr. Pratt that the harassment and contact of Mr. White while on FMLA leave was unlawful. However, this information did not deter Mr. Pratt from his harassing and unlawful conduct.

16. Eventually, under intense pressure and repeated inquiries from Mr. Pratt, Mr. White felt forced to share details of his medical condition with the company.

17. The harassment and unlawful conduct endured by Mr. White while on FMLA leave culminated on or about May 19, 2017, when he received a letter from Granite informing him that his employment had been terminated. Mr. White's termination had been proposed and recommended by Mr. Pratt. In the company form that recommended Mr. White's dismissal, Mr. Pratt represented that Mr. White's "FMLA ran out on May 12, 2017." That statement was false when made and was or with the exercise of reasonable care would have been known to Mr. Pratt to be false.

18. Pratt's statement was a pretext to terminate Mr. White's employment, and to interfere with the plaintiff's rights under the Act.

19. The MetLife forms clearly indicate that Mr. White remained disabled on May 12, 2017 (the date that Mr. Pratt falsely ended the plaintiff's leave under the Act), and that his leave had been extended until at least May 22, 2017. Indeed, Granite's employment records further demonstrate that the plaintiff's FMLA leave remained authorized as of May 19, 2017, and up to at least May 31, 2017.

20. Furthermore, Mr. White would have been eligible for approximately a month of additional leave, if needed.

21. Mr. White later learned that Mr. Pratt had shared details of his medical condition that he had provided with Shane Hoff and others at Granite. Mr. White learned further that both Mr. Hoff and Mr. Pratt had questioned the legitimacy of his medical ailments and accused him to others at Granite of fabricating his injuries to remain on FMLA leave.

## THE FMLA

22. Defendant Granite is a covered employer under the FMLA.

23. Mr. White was a covered employee under the FMLA, as he applied for and was granted FMLA leave by Granite (through its administrator, MetLife) for the serious health condition that rendered him unable to perform the functions of his job at the relevant time.

## COUNT I
## (IN VIOLATION OF THE FMLA)
## INTERFERENCE

Mr. White incorporates the preceding paragraphs as if set forth verbatim.

24. Granite interfered with Mr. White's rights under the FMLA while he was on leave, and by dismissing him from the defendant's employ.

25. More specifically, and without limitation, Mr. White was ridiculed, chastised and his employment was threatened while on leave specifically related to the serious medical condition that led to his leave.

26. Granite officials also violated the Act when they questioned the legitimacy of the serious medical condition that qualified the plaintiff for leave under the Act, and accused him to others at Granite of fabricating his injuries to remain on leave.

27. Mr. White was not returned to an equivalent position at Granite when his FMLA leave expired, as the Act requires. To the contrary, he was terminated from his employment before his FMLA leave had expired.

28. The foregoing acts, and others, interfered with Mr. White's rights under the Act, and as a result, Mr. White has suffered damages.

## COUNT II
## (IN VIOLATION OF THE FMLA)
## RETALIATION

Mr. White incorporates the above paragraphs as if set forth verbatim.

29. Mr. White availed himself to the protections of the FMLA when he applied for and was granted employment leave under its provisions.

30. Mr. White was subjected to adverse employment decisions by Granite, including without limitation being dismissed while on FMLA leave.

31. Mr. White was also treated less favorably than similarly-situated fellow employees because of taking FMLA leave, as he was ridiculed, chastised and his employment was threatened (and ultimately ended) because he availed himself of legally-protected leave.

32. Moreover, Granite executives questioned the legitimacy of his serious medical condition necessitating his FMLA leave and accused him to others at Granite of fabricating his injuries to remain on FMLA leave.

33. Mr. White was retaliated against by Granite in violation of the FMLA, and as a result, the plaintiff has suffered damages.

## COUNT III
## (IN VIOLATION OF THE FMLA)
## UNLAWFUL DISMISSAL

Mr. White incorporates the above paragraphs as if set forth verbatim.

34. It is unlawful for an employer to terminate an employee while on FMLA leave unless it is for a legitimate, non-discriminatory reason that is unrelated to the employee's FMLA status.

35. On May 19, 2019, Granite terminated Mr. White's employment while he was on FMLA leave, and in support of its decision, falsely represented that Mr. White's FMLA leave "ran out on May 12, 2017."

36. Granite offered no reason for Mr. White's termination other than the false representation that his FMLA leave period of leave had expired on May 19, 2019.

37. Furthermore, Mr. White had not yet approached the twelve weeks of leave he was entitled to receive under the FMLA as an eligible employee.

38. Granite dismissed Mr. White in violation of the FMLA, and as a result is liable to Mr. White.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays the Court to:

a. Award him damages incurred as a result of the Defendant's acts in interfering with his rights under the Act, as set forth more particularly above;

b. award him damages incurred as a result of the retaliation carried out by the defendant in violation of the Act, as set forth more particularly above;

c. award him damages incurred as a result of his unlawful dismissal, in violation of the Act, as set forth more particularly above.

d. **award him liquidated damages for the intentional violations of the Act set forth more particularly above;**

e. award him pre and post-judgement interest, according to law;

f. award him his costs and reasonable attorneys' fees for the bringing and arguing of this action;

g. grant such additional relief as the Court deems reasonable and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL APPLICABLE ISSUES**

        Paul White
        Plaintiff
        by his attorney,

        /s/ *Jonathan J. Margolis* _____
        Jonathan J. Margolis, BBO # 319980
        jmargolis@theemploymentlawyers.com
        Powers, Jodoin, Margolis & Mantell llp
        111 Devonshire Street, Suite 400
        Boston, MA 02109
        (617) 742-7010