UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11133-GAO

PAUL WHITE,
Plaintiff,

v.

GRANITE TELECOMMUNICATIONS, LLC, DANIEL PRATT, and SHANE HOFF,
Defendants.

OPINION AND ORDER
March 26, 2021

O'TOOLE, S.D.J.

The plaintiff brings this suit against his former employer, Granite Telecommunications LLC, and his supervisors, Daniel Pratt and Shane Hoff, alleging violations of the Family Medical Leave Act ("FMLA") and interference with a contractual and advantageous business relationship. The defendants have moved for judgment on the pleadings, claiming that judicial estoppel bars White's claims because he failed to disclose them on a sworn Chapter 7 bankruptcy petition filed in the United States Bankruptcy Court for the Northern District of Georgia. For the following reasons, the defendants' motion is granted.

I.      **Relevant Factual Background**

According to the amended complaint, Paul White was previously employed by Granite Telecommunications, LLC as a regional account manager. In March 2017, he suffered serious injuries in an automobile accident. He applied for and was granted leave under the FMLA. His leave commenced in April 2017.

While White was on FMLA leave, his direct supervisor, Daniel Pratt contacted White, asking him when he would be returning to work and informing him that Shane Hoff, the regional

vice president and White's second-level superior, did not approve of White's FMLA leave. Pratt also inquired about the details of White's medical condition. White notified Pratt that his inquiry itself violated the FMLA. Both Hoff and Pratt questioned the legitimacy of White's medical problems and accused him of fabricating his injuries. In May 2017, Granite terminated White based on a recommendation by Pratt.

Bankruptcy records attached to the defendants' motion for judgment on the pleadings indicate that White and his wife, represented by counsel, filed for personal bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Northern District of Georgia in September 2017. In their petition filed under the penalties of perjury, they did not disclose any potential claims against Granite, Pratt, or Hoff, even though the events related to their FMLA grievance had only occurred a few months earlier. (Mem. of Law in Supp. of Defs.' Mot. for J. on the Pleadings Ex. A at 21 (dkt. no. 34-1).) Additionally, at the time of the bankruptcy filing, White was a plaintiff in a putative class action against Granite for claims under the Fair Labor Standards Act ("FLSA"). However, on his sworn bankruptcy petition, he answered "No" to the question, "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?"[1] (Id. at 12.) The Trustee also affirmed that he had made a "diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." (Id. Ex. C (dkt. no. 34-3).)

The bankruptcy court granted the plaintiff and his wife a full discharge in December 2017. White commenced this action in May 2019.

---

[1] Granite settled the suit in September 2018.

**II.     Discussion**

The defendants move for judgment on the pleadings based on the doctrine of judicial estoppel. Judicial estoppel is "ordinarily applied to 'prevent[] a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior proceeding or in an earlier phase of the same legal proceeding.'" Guay v. Burack, 677 F.3d 10, 16 (1st Cir. 2004) (quoting Alternative Sys. Concepts v. Synopsys, Inc., 374 F.3d 23, 32–33 (1st Cir. 2004)). Its "primary utility is to safeguard the integrity of the courts by preventing parties from improperly manipulating the machinery of the justice system." Id. (quoting Alternative Sys. Concepts, 374 F.3d at 33)). The doctrine is applicable in the context of bankruptcy proceedings: "[I]t is well-established that a failure to identify a claim as an asset in a bankruptcy proceeding is a prior inconsistent position that may serve as the basis for application of judicial estoppel, barring the debtor from pursuing the claim in a later proceeding." Id. at 17. Legal claims, whether or not being presently prosecuted, are among the assets which must be disclosed. Id.; Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993).

White failed to list either his FMLA or his FLSA claims against the defendants as an asset in his Chapter 7 proceeding. Yet, the facts supporting the claims existed and were known to him at the time. Specifically, when Pratt contacted White about his FMLA leave, it was White who informed Pratt that his conduct violated the statute.

The bankruptcy court accepted the position taken by White in the form of omissions when it granted White relief. See Guay, 677 F.3d at 18. Having obtained a discharge of his existing debt through his Chapter 7 proceeding, White cannot now pursue claims he well knew of but failed to disclose. Permitting him to do so would allow an unjust windfall to White should his claims be meritorious, see Peterson v. E. Bos. Sav. Bank, No. 17-11776-GAO, 2018 WL 4696746, at *2 (D.

3

Mass. Sept. 29, 2018), and would be an "unacceptable abuse of judicial proceedings," see Payless Wholesale Distribs, 989 F.2d at 571.[2]

The defendants' Motion for Judgment on the Pleadings (dkt. no. 33) is therefore GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge

---

[2] Further, as the First Circuit has noted, "the integrity of the bankruptcy process is sufficiently important that we should not hesitate to apply judicial estoppel even where it creates a windfall for an undeserving defendant." Guay, 677 F.3d at 19.